UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

                    Plaintiff,                              Court File No. 17-cr-79 (JRT/LIB)

        v.
                                                      **REPORT AND RECOMMENDATION**
Robert Charles Anderson.

                    Defendant.


This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, and upon Defendant's Motion to Suppress Statements, [Docket No. 20]. The Court held a motions hearing on June 21, 2017, regarding the parties' pretrial motions.[1]

At the Motions Hearing, the Government offered the testimony of Criminal Investigator Geoffrey Pierre of the Red Lake Police Department, and the parties argued the Motion. The parties declined the opportunity to submit supplemental briefing, and Defendant's Motion to Suppress, [Docket No. 20], was taken under advisement by the undersigned at that time. For the reasons set forth below, the Court recommends that Defendants' Motion to Suppress Statements, [Docket No. 20], be **DENIED**.

## I.    RELEVANT FACTS[2]

On September 17, 2016, Criminal Investigator Geoffrey Pierre of the Red Lake Police Department was off-duty, when he heard on his police radio that officers had begun a high-speed

---

[1] The Court addressed the parties' pretrial discovery motions by separate Order.
[2] These facts are derived from the testimony of Criminal Investigator Geoffrey Pierre of the Red Lake Police Department at the June 21, 2017, Motions Hearing.

vehicle pursuit near his home. (June 21, 2017, Motions Hearing, Digital Record, 2:54-56). CI Pierre heard sirens, and he retrieved his duty weapon and went on duty to assist. (Id. at 2:55-56). CI Pierre was in plain clothes, and the car that he drove during the chase was an unmarked, Red Lake Police Department vehicle with a light bar and siren. (Id. at 2:58-3:00).

CI Pierre joined the high-speed chase, and turned into a long driveway behind Defendant's vehicle. (Id. at 2:56-57, 3:01-03). As CI Pierre turned a corner, he saw Defendant's vehicle spin around. CI Pierre stopped his car, and Defendant's vehicle drove towards CI Pierre's car and collided with it. (Id. at 2:56-57, 3:02-03). After Defendant's vehicle hit CI Pierre's car, CI Pierre got out of his car with his weapon drawn, and began approaching the driver's side of Defendant's vehicle. (Id. at 2:56-58, 3:05-06). Defendant's vehicle hit CI Pierre's car a second time. (Id. at 3:03-05). As CI Pierre approached Defendant's vehicle with his weapon pointed at Defendant, he gave Defendant commands to the effect of telling Defendant to stop his vehicle and get out of his vehicle. (Id. at 3:06-08). CI Pierre did not ask Defendant why he had struck CI Pierre's vehicle. (Id. at 3:06-07). As CI Pierre came parallel with Defendant's vehicle, Defendant said that the accelerator on his vehicle was stuck. (Id. at 2:57-58). At this point, CI Pierre was the only officer in the area. (Id. at 3:09-10).

CI Pierre opened the door to Defendant's vehicle, re-holstered his weapon, and pulled Defendant out, placing Defendant on the ground on his stomach. (Id. at 3:07-08). Throughout, CI Pierre continued to tell Defendant to get on the ground and place his hands behind his back. (Id. at 3:08-09). CI Pierre began handcuffing Defendant, at which point another police officer arrived and assisted in finishing the arrest. (Id. at 3:08-10).

## II.    DEFENDANT'S MOTION TO SUPPRESS [Docket No. 22]

Defendant moves the Court for an order suppressing the statement he made to CI Pierre. ([Docket No. 20], 1). Defendant asserts that the statement he made to CI Pierre statement was a custodial statement made in response to the functional equivalent of interrogation by CI Pierre, and that it was made in the absence of required warnings under Miranda v. Arizona, 384 U.S. 436 (1966). Consequently, the statement was not made freely or voluntarily. (Id. at 1-2; June 21, 2017, Motions Hearing, Digital Record, 3:11-1).

### A.  Standard of Review

"[Miranda v. Arizona, 384 U.S. 436, 444 (1966),] prohibits the government from introducing into evidence statements made by the defendant during a custodial interrogation unless the defendant has been previously advised of his [F]ifth [A]mendment privilege against self-incrimination and right to an attorney." United States v. Chipps, 410 F.3d 438, 445 (8th Cir. 2005). Accordingly, Miranda warnings are required for official interrogations where a person has been "taken into custody or otherwise deprived of his freedom of action in any significant way[.]" Stansbury v. California, 511 U.S. 318, 322 (1994) (quoting Miranda, 384 U.S. at 444). "Interrogation under Miranda includes not only express questioning but also its functional equivalent, such as 'any word or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." United States v. Hull, 419 F.3d 762, 767 (8th Cir. 2005) (quoting Rhode Island v. Innis, 466 U.S. 291, 300–01 (1980)) (emphasis added).

### B.  Analysis

Defendant characterizes the atmosphere at the time as a police-dominated scene, pointing out that CI Pierre's service weapon was drawn. He maintains that under these circumstances a

reasonable person would have understood that Defendant was not free to leave the scene at the time. (June 21, 2017, Motions Hearing, Digital Record, 3:11-13). In addition, Defendant contends that his statement was not a spontaneous statement, but that it was made in the context of the functional equivalent of interrogation by CI Pierre. (Id. at 3:12-13). Defendant points to CI Pierre's commands to stop the vehicle and get out of it given as CI Pierre approached with his service weapon drawn. Defendant argues that his statement regarding the accelerator in his vehicle being stuck was made in response to CI Pierre's own actions and statements. (Id. at 3:12-13). Defendant asserts that under the specific circumstances present here, CI Pierre's actions were the functional equivalent of interrogation because CI Pierre knew or should have known they were reasonably likely to elicit an incriminating response. (Id. at 3:13-14).

The Government responds that the statement now at issue was a voluntary and spontaneous utterance which was not made during or as a result of any custodial interrogation, and under the circumstances of this case, Miranda warnings were therefore not required. (Id. at 3:13-15). The Government asks this Court to deny Defendant's Motion to Suppress Statements, [Docket No. 20]. (Id.).

Given the fact that CI Pierre then had his service weapon drawn and pointed at Defendant, this Court will assume simply for purposes of argument in deciding this Motion that Defendant was in custody at the time he made the statement regarding the accelerator on his vehicle being stuck. In addition, it is evident to the Court, based upon the record and testimony now before it, that CI Pierre's declarative commands of "stop the vehicle" and "get out of the vehicle" were not themselves in any way expressly interrogatory in nature. Therefore, the critical question now before the Court is whether CI Pierre's commands to Defendant to stop and get out of his vehicle amount to the functional equivalent of interrogation.

4

Under the specific circumstances of this case, as reflected in CI Pierre's testimony, declarative commands such as "stop the vehicle" and "get out of the vehicle" made in the performance of an apprehension were not the functional equivalent of interrogation. Such commands in no way reasonably imply questions or seek to elicit statements about why Defendant hit CI Pierre's vehicle in the present case. Rather, such commands are clearly declarative; they order actions by Defendant and they were intended solely and exclusively to effectuate the task of taking Defendant into custody.[3] United States v. Hull, 419 F.3d 762, 767 (8th Cir. 2005) (excluding words and actions "normally attendant to arrest and custody" from circumstances which could create functional equivalent of interrogation).

Accordingly, Defendant's statement that the accelerator on his vehicle was stuck was a spontaneous statement and not the result of interrogation or the functional equivalent of interrogation by CI Pierre. As such, no Miranda warning was required prior to CI Pierre attempting to complete his efforts to take Defendant into custody.

Because the Court finds that Defendant's statement now at issue was not made as the result of interrogation or the functional equivalent of interrogation and, therefore, no prior Miranda warnings were required, the Court recommends that Defendant's Motion to Suppress Statements, [Docket No. 20], be **DENIED.**

### III.    CONCLUSION

A. Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

---

[3] The Court notes that it is often necessary for law enforcement officers to give directions or commands when taking an individual into custody. Simply pointing a weapon at an individual in silence and assuming that the individual will know the steps to take thereafter could put both the officer and the individual in difficult and dangerous positions. Under the circumstances here, CI Pierre's commands were made in an effort to gain control of the situation and effect an arrest, not to elicit incriminating responses.

1. Defendant's Motion to Suppress Statements, [Docket No. 20], be **DENIED**.

Dated: June 22, 2017                          _____/s Leo I. Brisbois_____
                                             The Honorable Leo I. Brisbois
                                             United States Magistrate Judge

# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.